COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



CONTINUING ABATEMENT ORDER

Appellate case name:     Jacob Rhodes v. The State of Texas

Appellate case number:    01-15-00810-CR

Trial court case number:  1979692

Trial court:             County Criminal Court at Law No. 4 of Harris County

       This Court issued an order on August 2, 2016 and remanded to the trial court for a hearing regarding appointed counsel's failure to file a brief. A hearing record was filed in September in which the trial court determined that appellant wished to pursue his appeal, but his counsel did not appear at the hearing. Appellant stated he wished to keep his counsel. Based on this, the trial court stated that he would allow two weeks for counsel to file the brief or for appellant to return and advise whether he intended to retain new counsel. Despite telephone inquiries from this Court, no follow-up hearing record was filed, In December, a supplemental clerk's record was filed, but it contained the same ruling made in the hearing record filed in September. No brief has been filed.

       Pursuant to Rule of Appellate Procedure 38.8, we extend the abatement of this appeal and request the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, retained counsel Gotro or new retained counsel, if any, and appellant shall be present.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1)   whether appellant wishes to prosecute this appeal; and, if so,

(2)   whether retained counsel Gotro, or has abandoned the appeal by failing to timely file briefs on appellant's behalf;

(3)   and, if so, whether appellant is presently

---

[1]    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4) or, if retained counsel Gotro has not abandoned the appeal, make appropriate findings and recommendations regarding the reason that counsel has failed to file a brief and establish a date by which counsel will file appellant's brief, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than February 21, 2017.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than February 21, 2017.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature:/s/ Harvey Brown

☒ Acting individually


Date: January 19, 2017